UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NAHEIM STOKES, IAN FEINSTEIN, and FRANK
CASTAGNA, individually and on behalf of all others
similarly situated,

Case No.:25-cv- 2408

**COLLECTIVE ACTION
COMPLAINT**

Plaintiffs,

-against-

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,

Defendant.

------------------------------------------------------------------------X

Plaintiffs NAHEIM STOKES, IAN FEINSTEIN, and FRANK CASTAGNA individually

and on behalf of all others similarly situated, as representatives, by their attorneys Law Office of

Paul A. Pagano, P.C., and Law Offices of Jason L. Abelove, P.C. (collectively the "Firms")

allege, upon personal knowledge as to themselves and upon information and belief as to other

matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs Naheim Stokes ("Stokes"), Ian Feinstein ("Feinstein") and Frank

Castagna ("Castagna")(collectively "Plaintiffs") and the putative members of the collective

action are non-exempt employees of the Department of Corrections ("DOC"), an agency of the

City of New York ("NYC") and bring this action for violations of the Fair Labor Standards Act

("FLSA") including failure to pay overtime, failure to pay overtime promptly/timely, and failure

to pay overtime at the proper rate from March 24, 2022 forward ("Pertinent Period").

1

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 201 et. seq.

3.      Venue is proper in this district pursuant to 29 U.S.C. § 1391 as Defendant resides in this district and as a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

**THE PARTIES**

**Plaintiffs**

4.   Plaintiff Stokes is an individual who resides in the State of Georgia, Cobb County.

5.    Plaintiff Castagna is an individual who resides in the State of New York, Suffolk County.

6.   Plaintiff Feinstein is an individual who resides in the State of New York, Nassau County.

**Defendant**

7.   Defendant NYC is a municipality organized and existing pursuant to the laws of the State of New York and maintains its principal place of business in the City, County and State of New York.

8.   Defendant NYC is, and at all material times was, a public agency within the meaning of the FLSA.

9.   Defendant NYC is, and at all materials times was, a political subdivision of the State of New York and a local government "employer" within the meaning of the FLSA.

10.   Defendant is a covered employer within the meaning of the FLSA.

2

11. Plaintiffs, and other similarly situated individuals, are covered employees within the meaning of the FLSA.

## STATEMENT OF FACTS

12. Plaintiff Stokes was a Correction Officer from June 2002 to August 2014, Captain from August 2014 to October 2022 and then an Assistant Deputy Warden from October 2022 until his retirement in August 2023. Throughout the Pertinent Period he worked at Rikers Island.

13. During the Pertinent Period Plaintiff Castagna was a Correction Officer working at Rikers Island.

14. During the Pertinent Period Plaintiff Feinstein was a Correction Officer working at Rikers Island.

15. In addition to Plaintiffs, during the Pertinent Period, Defendant/DOC has employed in excess of approximately 10,000 employees.

16. During the Pertinent Period Plaintiffs and the putative collective members were employed by Defendant in the DOC in the positions of Assistant Deputy Warden, Captain and Correction Officer at various locations and assignments at Rikers Island.

17. The Assistant Deputy Wardens, Captains, and Correction Officers, *inter alia*, are responsible for the safety and security of the inmates.

18. While working at Rikers Island, Plaintiffs and the collective members work either a 5-2 or 4-2 schedule.

19. Those who work a 5-2 schedule work five shifts exceeding 8 hours each, followed by two days off, before repeating the sequence again. Therefore, Plaintiffs working a 5-2 schedule are regularly assigned to work 40 scheduled hours each week. However, they routinely work more.

3

20. Plaintiffs working a 4-2 schedule work four shifts exceeding 8 hours each, followed by two off days.  In a seven-day workweek, Plaintiffs working a 4-2 schedule are assigned to five shifts, each exceeding 8 hours, for four weeks out of a six-week period. During the four weeks, Plaintiffs are assigned to work 40 scheduled hours or more. In the remaining two weeks, Plaintiffs working a 4-2 schedule are assigned to work four regular shifts. During those two weeks, Plaintiffs are assigned to work 32 scheduled hours.

21. Plaintiffs, and other similarly situated individuals, keep track of their time via timesheets.

22. At the end of each daily tour, Plaintiffs, and other similarly situated individuals, submit tour certification sheets that list, *inter alia*, all of the overtime they work.

23. The time sheets/tour certification sheets are given to a timekeeper who puts the information into a program called CityTime.

24. The timesheets/tour certification sheets are submitted to the Defendant/DOC on a daily basis.

## **VIOLATIONS**

25. During the Pertinent Period, Defendant violated the FLSA with respect to Plaintiffs and all those similarly situated by: (1) failing to pay all earned overtime (including overtime generated as a result of having to work through meal breaks and doing pre and post shift work); (2) failing to pay all earned overtime promptly/timely; and (3) failing to pay overtime at the appropriate rate (due to a failure to properly calculate regular rates).

26. More specifically, Plaintiffs and all others similarly situated routinely worked over 40 hours a week. However, the Defendant failed to compensate Plaintiffs and all others

similarly situated for all hours worked over 40 in a workweek at a rate of one and one-half times their regular rate of pay.

27. Such failures include, but are not limited to, hours in which Plaintiffs and all others similarly situated worked more than 40 hours in a week, worked more than 40 hours in a week due to having to work through lunch, and/or worked more than 40 hours in a week when accounting for pre and post shift work.

28. Additionally, under DOC-wide policy and the applicable CBA, Plaintiffs receive certain premium payments on top of their base pay, including differential payments related to night work, longevity pay, and specialty pay.

29. When Defendant compensates Plaintiffs and all others similarly situated for overtime, Defendant fails to pay them for their overtime work at the correct rate because it fails to include, *inter alia*, their nightshift pay in the regular rate of pay on which their overtime rate is based.

30. While working as Assistant Deputy Wardens, Captains, and Correction Officers during the last three years, Plaintiffs and all others similarly situated have received certain payments in addition to their base pay that include night shift differential, longevity pay, and specialty pay. These payments are made pursuant to DOC-wide policy, and/or the applicable collective bargaining agreement, and thus they are paid to Plaintiffs and all others similarly situated.

31. The failure to properly include these differential payments in Plaintiffs' regular rates of pay means that when Plaintiffs receive paid overtime for working in excess of 40 hours in a week, they are paid at a rate for those overtime hours that is below the rate mandated by the FLSA.

32. The amount of undercompensated work hours for which Plaintiffs and those similarly situated have not been paid can be identified through the Defendant's timekeeping system and through other evidence, such as Defendant's other work and pay records.

33. Assistant Deputy Wardens, Captains, and Correction Officers employed by Defendant who receive differential payments pursuant to Agency-wide policy and/or collective bargaining agreements, including Plaintiffs, are similarly situated and routinely work more than 40 hours in a workweek but are denied proper compensation for hours worked in excess of 40 hours because Defendant continues to fail to properly include these payments in the regular rate of pay upon which their overtime rate is based. The exact amount of improperly paid overtime received by each Plaintiff and similarly situated collective member can be identified through the Defendant's records.

34. Further, Defendant failed to pay Plaintiffs and all other similarly situated their overtime in a timely/prompt manner in violation of the FLSA.

35. As a matter of policy, the Defendant/DOC is supposed to pay overtime compensation earned in a particular workweek on the regular payday for the period in which such workweek ends.

36. The Defendant/DOC is able to pay overtime compensation earned in a particular workweek on the regular payday for the period in which such workweek ends.

37. In direct violation of its own payroll policy, Defendant/DOC has repeatedly failed to pay Plaintiffs, and other similarly situated individuals, their overtime compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends.

6

38. The Defendant/DOC has engaged in a widespread practice of delaying the payment of overtime compensation to the Plaintiffs and other similarly situated individuals for one pay period or more.

39. Since March 24, 2022, continuing to the present and ongoing, Defendant has violated basic prompt payment principles of the FLSA by delaying Plaintiffs' overtime payments for working in excess of 40 hours a workweek by weeks, and in some cases months, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends.

40. The extent of damages owed resulting from unpaid and late overtime payments for Plaintiffs and those similarly situated can be identified through the Defendant's timekeeping system and through other evidence, such as Defendant's other work and pay records.

41. During the past three years each of the Plaintiffs has had numerous hours/instances of unpaid and late paid overtime as well as underpaid overtime due to an incorrect calculation of the regular pay rate and thus the overtime rate.

42. As cases in point, on January 24, 2023, Stokes worked 8 hours of overtime and was never paid. On March 7, 2023, Stokes worked overtime and was not paid until the April 4th pay cycle. When he was paid overtime, it was at an improper rate as his regular rate did not take into account his additional payments (e.g. night differential). Additionally, during the Pertinent Period he was routinely required to do pre and post shift work and work through lunch, both resulting in overtime for which he was not compensated.

## WILLFULNESS ALLEGATIONS

43. There can be no question that the Defendant's actions with respect to late paid and unpaid overtime were and remain willful.  More particularly, in November 2020, the Firms sued the Defendant for late paid and unpaid overtime under the FLSA.

44. That case was litigated for several years culminating in a settlement in December 2023.

45. As such, the Defendant was on actual notice of its FLSA violations.

46. Additionally, Defendant has previously been held liable for failure to properly calculate employees' regular rates of pay by failing to include differential payments, such as night shift differentials, longevity pay, and specialty pay, in the rate at which overtime is paid to employees. See, e.g., *Foster,* 1:14- cv-04142, *De La Cruz,* 1:14-cv-09220, 2017 WL 11591568, at *5 (S.D.N.Y. Sept. 30, 2017); *Lawtone-Bowles v. City of New York*, 1:16-cv-04240, 2020 WL 2833366, at *5 (S.D.N.Y. June 1, 2020), *Lynch v. City of New York*, 291 F. Supp. 3d 537, 551-52 (S.D.N.Y. 2018). Despite the foregoing, the Defendant continues to fail to properly include such differential payments in Plaintiffs' regular rates of pay.

47. Further, by virtue of, *inter alia*, the fact that Plaintiffs and those similarly situated are subject to supervision during the Pertinent Period, Defendant is aware of the fact that Plaintiffs and those similarly situated routinely perform pre and post shift work and work through lunch.  Notwithstanding that Defendant continues to violate the law.  Indeed, Defendant has been sued for these issues before and is therefore on actual notice of same. *See e.g.  Foster*, 1:14- cv-04142, *De La Cruz*, 1:14-cv-09220, 2017 WL 11591568, at *4, *23-25 (S.D.N.Y. Sept. 30, 2017).

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiffs bring this action individually and on behalf of all others similarly situated during the Pertinent Period pursuant to, *inter alia*, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals worked for Defendant/DOC during the Pertinent Period.

49. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and their consent forms have been filed. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

50. Plaintiffs and those similarly situated are or were employed by Defendant/DOC within the meaning of the FLSA.

51. Plaintiffs and those similarly situated worked substantial overtime hours (including those arising as a result of pre and post shift work and those arising from working through meal breaks) for which they were not compensated in a timely fashion in violation of the FLSA.

52. Plaintiffs and those similarly situated worked substantial overtime hours (including those arising as a result of pre and post shift work and those arising from working through meal breaks) for which they were not compensated at all.

53. Plaintiffs and those similarly situated were underpaid for their overtime hours (including those arising as a result of pre and post shift work and those arising from working through meal breaks) due to the Defendant's failure to appropriately calculate their regular rate/overtime rate.

54. Defendant/DOC required overtime work. Defendant/DOC is aware that Plaintiffs and those similarly situated worked overtime and despite that knowledge did not pay them or paid them in an untimely fashion.

9

55. Defendant/DOC is aware of how the Plaintiffs' and those similarly situated overtime pay rate is to be calculated and notwithstanding that failed to do so.

56. Defendant/DOC's unlawful conduct is widespread, repetitious, and consistent affecting Plaintiffs and those similarly situated .

57. Defendant/DOC's conduct is willful and in bad faith, and has caused significant damages to Plaintiffs and those similarly situated.

58. Defendant/DOC is liable under the FLSA for failing to properly compensate Plaintiffs and those similarly situated.

59. Notice of this action should be sent to those similarly situated. There are numerous similarly situated current and former employees of the Defendant/DOC who have not been paid overtime in violation of the FLSA, who have been denied timely compensation in violation of the FLSA, and who were not paid their overtime at a proper rate, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to the Defendant/DOC and are readily identifiable through the Defendant/DOC's records.

60.   Plaintiffs and all those similarly situated are similarly situated as they all worked at Rikers Island during the Pertinent Period.

61. They are further similarly situated in that they worked in excess of 40 hours in a workweek.

62. Plaintiffs and those similarly situated are likewise similarly situated as, as a condition of DOC-wide policy and/or the applicable collective bargaining agreement, they are all eligible to receive longevity pay, night shift differential, specialty pay, as well as other differential payments when they meet the conditions authorizing such pay.

63. When they receive such differential payments, Defendant globally fails to properly include their value in the regular rate of pay used to determine their overtime rate.

64. Plaintiffs and those similarly situated are also subject to Defendant's same practice and policy of using the City's timekeeping and payroll system to administer and calculate their pay.

65. Plaintiffs and those similarly situated are also subject to Defendant's policy or practice of failing to promptly pay overtime pay for prescheduled and/or preapproved overtime work.

**FIRST CAUSE OF ACTION**
**Plaintiffs and those similarly situated/collective members against Defendant**
**Delayed Overtime Wages under FLSA**

66.      Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67.      The FLSA mandates, as a general rule, that overtime compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends.

68.      In violation of the FLSA, Defendant/DOC has engaged in a widespread pattern and practice of failing to timely/promptly pay Plaintiffs and those similarly situated.

69.      Defendant/DOC's unlawful conduct has been willful and intentional. Defendant/DOC was on actual notice of the fact that they were paying the Plaintiffs and collective members late by virtue of the Firms' prior lawsuit.  Because Defendant/DOC willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

11

70.    Defendant/DOC has not made a good faith effort to comply with the FLSA's prompt payment requirement.

71.    As a result of Defendant/DOC's unlawful acts, Plaintiffs and those similarly situated are entitled to the recovery of liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### Plaintiffs and those similarly situated/the collective members against Defendant
### Unpaid Overtime Wages under FLSA

72.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

73.    The FLSA mandates that all hours worked in excess of 40 per week be compensated at one and one half times an individual's regular rate of pay.

74.    In violation of the FLSA, Defendant/DOC has engaged in a widespread pattern and practice of failing to pay Plaintiffs and those similarly situated in accordance with the FLSA.

75.    Defendant/DOC's unlawful conduct has been willful and intentional. Defendant/DOC was on actual notice of the fact that they were paying the Plaintiffs and collective members late by virtue of the Firms' prior lawsuit.  Because Defendant/DOC willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

76.    Defendant/DOC has not made a good faith effort to comply with the FLSA's overtime pay requirements.

77.    As a result of Defendant/DOC's unlawful acts, Plaintiffs and those similarly situated are entitled to recovery of unpaid overtime wages, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

12

**THIRD CAUSE OF ACTION**
**Plaintiffs and those similarly situated against Defendant**
**Failure to Properly Calculate the Regular Rate of Pay**

78.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

79.    Section 207(e) of the FLSA, 29 U.S.C. § 207(e) and U.S. Department of Labor, 29 CFR Part 778, *et seq*., require that all forms of compensation be included in the rate at which FLSA overtime is paid.  Defendant has failed to include night shift differential pay, longevity pay, specialty pay, and other forms of differential pay in Plaintiffs' regular rates of pay for purposes of calculating overtime pay entitlements of Plaintiffs and all those similarly situated, resulting in Defendant paying Plaintiffs and all others similarly situated for overtime work at a rate that is below the rate mandated by the FLSA.

80. Defendant's actions were and remain willful.

81.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover the underpaid overtime and liquidated damages in an equal amount for the Defendant's failure to pay overtime compensation.

82.  Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b) for all violations of the FLSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a)    That at the earliest possible time, Plaintiffs be allowed to give notice of this Collective Action, or that the Court issue such notice to the collective members.  Such notice

13

shall inform the collective members of the filing of this civil action, the nature of this action, and their right to join this action;

b)  Designation of Plaintiffs as representatives of the collective(s) and counsel of record as collective counsel;

c)  On the first cause of action, damages in an amount to be determined at trial which includes, but is not limited to, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA;

d)  On the second cause of action, damages in an amount to be determined at trial which includes, but is not limited to, unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA;

e)  On the third cause of action, damages in an amount to be determined at trial which includes, but is not limited to, unpaid overtime wages, liquidated damages, interest, attorneys' fees, costs and disbursements, and any other damages available under the FLSA/applicable law.

f)  All pertinent and available damages under the FLSA and supporting regulations such as the United States Department of Labor Regulations;

g)  Appropriate injunctive and declaratory relief;

h)  Interest;

i)  Reasonable attorneys' fees, costs and disbursements; and

j)  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

14

Dated: Hicksville, New York
     March 24, 2025

Respectfully Submitted,
Law Office of Paul A. Pagano, P.C.

By: _*Paul Pagano*_____

     Paul A. Pagano, Esq.
     *Attorneys for Plaintiffs*
     100 Duffy Avenue, Suite 510
     Hicksville, NY 11801
     (917) 589-1479
     Paul@LawOfficePaulPagano.com

Law Offices of Jason L. Abelove, P.C.

By: /s_____

     Jason L. Abelove, Esq.
     666 Old Country Road, Suite 303
     Garden City, NY 11530
     (516) 222-7000
     jason@jasonabelove.com