UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NAHEIM STOKES, individually and on behalf of all
others similarly situated

                **ANSWER**

          Plaintiffs,          1:25-cv-02408-JGK

        -against-

THE CITY OF NEW YORK,

              Defendant.
------------------------------------------------------------------------X

Defendant the CITY OF NEW YORK, by and through its undersigned counsel, Jackson Lewis, P.C., hereby files its Answer and Defenses to Plaintiff Naheim Stokes' ("Plaintiff") Second Amended Complaint ("Complaint"), and states as follows:

### AS TO "PRELIMINARY STATEMENT"

1. Defendant admits that Plaintiff purports to proceed as set forth in Paragraph "1" of the Complaint but denies that Plaintiff is entitled to any relief whatsoever.

### AS TO "JURISDICTION AND VENUE"

2. Defendant denies each and every allegation set forth in Paragraph "2" of the Complaint, except admits this Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 201 et. seq, but denies Plaintiff is entitled to any relief.

3. Defendant denies each and every allegation contained in Paragraph "3" of the Complaint, except admits that the Southern District of New York is a venue in which this action may be brought.

### AS TO "THE PARTIES"

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint.

5.      Defendant admits that its principal place of business is in New York.

6.      Paragraph "6" of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph "6" of the Complaint.

7.      Paragraph "7" of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph "7" of the Complaint.

8.      Paragraph "8" of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph "8" of the Complaint.

9.      Paragraph "9" of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph "9" of the Complaint.

## AS TO "STATEMENT OF FACTS"

10.     Defendant denies each and every allegation contained in Paragraph "10" of the Complaint, except admits Plaintiff worked for Defendant for a period of time.

11.     Defendant denies each and every allegation contained in Paragraph "11" of the Complaint.

12.     Defendant denies each and every allegation contained in Paragraph "12" of the Complaint, except admits some putative collective members have held the titles variously referred to as Assistant Deputy Waden and/or Captain, but denies that each Plaintiff held each title.

13. Defendant denies each and every allegation contained in Paragraph "13" of the Complaint.

14. Defendant denies each and every allegation contained in Paragraph "14" of the Complaint.

15. Defendant denies each and every allegation contained in Paragraph "15" of the Complaint.

16. Defendant denies each and every allegation contained in Paragraph "16" of the Complaint.

17. Defendant denies each and every allegation contained in Paragraph "17" of the Complaint.

18. Defendant denies each and every allegation contained in Paragraph "18" of the Complaint.

19. Defendant denies each and every allegation contained in Paragraph "19" of the Complaint.

20. Defendant denies each and every allegation contained in Paragraph "20" of the Complaint.

21. Defendant denies each and every allegation contained in Paragraph "21" of the Complaint.

22. Defendant denies each and every allegation contained in Paragraph "22" of the Complaint.

23. Defendant denies each and every allegation contained in Paragraph "23" of the Complaint.

24.     Defendant denies each and every allegation contained in Paragraph "24" of the Complaint, except admits that Defendant uses a program called CityTime.

25.     Defendant denies each and every allegation contained in Paragraph "25" of the Complaint.

### AS TO "VIOLATIONS"

26.     Defendant denies each and every allegation contained in Paragraph "26" of the Complaint.

27.     Defendant denies each and every allegation contained in Paragraph "27" of the Complaint.

28.     Defendant denies each and every allegation contained in Paragraph "28" of the Complaint.

29.     Defendant denies each and every allegation contained in Paragraph "29" of the Complaint.

30.     Defendant denies each and every allegation contained in Paragraph "30" of the Complaint.

31.     Defendant denies each and every allegation contained in Paragraph "31" of the Complaint.

32.     Defendant denies each and every allegation contained in Paragraph "32" of the Complaint.

33.     Defendant denies each and every allegation contained in Paragraph "33" of the Complaint.

34.     Defendant denies each and every allegation contained in Paragraph "34" of the Complaint.

35.     Defendant denies each and every allegation contained in Paragraph "35" of the Complaint.

36.     Defendant denies each and every allegation contained in Paragraph "36" of the Complaint.

37.     Defendant denies each and every allegation contained in Paragraph "37" of the Complaint.

38.     Defendant denies each and every allegation contained in Paragraph "38" of the Complaint.

39.     Defendant denies each and every allegation contained in Paragraph "39" of the Complaint.

40.     Paragraph "40" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "40" of the Complaint.

41.     Defendant denies each and every allegation contained in Paragraph "41" of the Complaint.

42.     Defendant denies each and every allegation contained in Paragraph "42" of the Complaint.

43.     Defendant denies each and every allegation contained in Paragraph "43" of the Complaint, except admits that Plaintiff Stokes worked for Defendant for a period of time.

44.     Defendant denies each and every allegation contained in Paragraph "44" of the Complaint, except admits that Plaintiff Stokes worked for Defendant for a period of time.

45.     Defendant denies each and every allegation contained in Paragraph "45" of the Complaint, except admits that Plaintiff Stokes worked for Defendant for a period of time.

46.     Defendant denies each and every allegation contained in Paragraph "46" of the Complaint.

47.     Defendant denies each and every allegation contained in Paragraph "47" of the Complaint.

## AS TO "WILLFULNESS ALLEGATIONS"

48.     Defendant denies each and every allegation contained in Paragraph "48" of the Complaint.

49.     Defendant denies each and every allegation contained in Paragraph "49" of the Complaint.

50.     Defendant denies each and every allegation contained in Paragraph "50" of the Complaint.

51.     Defendant denies each and every allegation contained in Paragraph "51" of the Complaint and refers the Court to the dockets of the cases cited in Paragraph "51" for the full scope of all covered parties, issues and releases.

52.     Defendant denies each and every allegation contained in Paragraph "52" of the Complaint and refers the Court to the dockets of the cases cited in Paragraph "52" for the full scope of all covered parties, issues and releases.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

53.     Defendant admits that Plaintiff purports to proceed as set forth in Paragraph "53" of the Complaint and that Plaintiff Stokes and some putative collective members worked for Defendant for a period of time, but denies that Plaintiff is entitled to any relief whatsoever.

54.     Defendant denies each and every allegation set forth in Paragraph "54" of the Complaint, except admits that the Complaint purports to identify Plaintiffs that have opted into

this Action and Defendant respectfully refers the Court to the "consents" filed in this action for their full content and meaning.

55.     Paragraph "55" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "55" of the Complaint, except admits some putative collective members worked for Defendant for a period of time.

56.     Defendant denies each and every allegation contained in Paragraph "56" of the Complaint.

57.     Defendant denies each and every allegation contained in Paragraph "57" of the Complaint.

58.     Defendant denies each and every allegation contained in Paragraph "58" of the Complaint.

59.     Defendant denies each and every allegation contained in Paragraph "59" of the Complaint.

60.     Defendant denies each and every allegation contained in Paragraph "60" of the Complaint.

61.     Defendant denies each and every allegation contained in Paragraph "61" of the Complaint.

62.     Defendant denies each and every allegation contained in Paragraph "62" of the Complaint.

63.     Paragraph "63" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "63" of the Complaint.

64.     Defendant denies each and every allegation contained in Paragraph "64" of the Complaint.

65.     Defendant denies each and every allegation contained in Paragraph "65" of the Complaint.

66.     Defendant denies each and every allegation contained in Paragraph "66" of the Complaint.

67.     Defendant denies each and every allegation contained in Paragraph "67" of the Complaint.

68.     Defendant denies each and every allegation contained in Paragraph "68" of the Complaint.

69.     Defendant denies each and every allegation contained in Paragraph "69" of the Complaint.

70.     Defendant denies each and every allegation contained in Paragraph "70" of the Complaint.

**AS TO "FIRST CAUSE OF ACTION"**

71.     Defendant hereby incorporates by reference Paragraphs "1" through "70" in their entirety and restates them herein.

72.     Paragraph "72" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "72" of the Complaint and refers the Court to the statute referenced for its full content and meaning.

73.     Defendant denies each and every allegation contained in Paragraph "73" of the Complaint.

74. Paragraph "74" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "74" of the Complaint and refers the Court to the statute cited for its full content and meaning.

75. Defendant denies each and every allegation contained in Paragraph "75" of the Complaint.

76. Defendant denies each and every allegation contained in Paragraph "76" of the Complaint.

**AS TO "SECOND CAUSE OF ACTION"**

77. Defendant hereby incorporates by reference Paragraphs "1" through "76" in their entirety and restates them herein.

78. Paragraph "78" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "78" of the Complaint and refers the Court to the statute referenced for its full content and meaning.

79. Defendant denies each and every allegation contained in Paragraph "79" of the Complaint.

80. Paragraph "80" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "80" of the Complaint and refers the Court to the statute cited for its full content and meaning.

81. Defendant denies each and every allegation contained in Paragraph "81" of the Complaint.

82.    Defendant denies each and every allegation contained in Paragraph "82" of the Complaint.

## AS TO "THIRD CAUSE OF ACTION

83.    Defendant hereby incorporates by reference Paragraphs "1" through "82" in their entirety and restates them herein.

84.    Paragraph "84" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "84" of the Complaint and refers the Court to the statute and regulation cited for their full content and meaning.

85.    Defendant denies each and every allegation contained in Paragraph "85" of the Complaint.

86.    Paragraph "86" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph "86" of the Complaint and refers the Court to the statute cited for its full content and meaning.

87.    Defendant denies each and every allegation contained in Paragraph "87" of the Complaint.

## AS FOR "PRAYER FOR RELIEF"

88.    Defendant denies the allegations contained in Plaintiff's "Prayer for Relief," including specifically subparagraphs (a) through (j).

## AS FOR "DEMAND FOR A JURY TRIAL"

89.    Defendant denies that Plaintiff is entitled to a jury trial.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

10

90.     Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

## AS AND FOR A FIRST DEFENSE

91.     Plaintiff fails to state a claim upon which relief may be granted either on his behalf or on behalf of those persons whom he purports to represent.

## AS AND FOR A SECOND DEFENSE

92.     Plaintiff's claims should be dismissed to the extent they are barred, in whole, or in part, by the applicable limitations periods.

## AS AND FOR A THIRD DEFENSE

93.     The Complaint is barred, in whole or in part, pursuant to the Portal-to-Portal Act.

## AS AND FOR A FOURTH DEFENSE

94.     Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

## AS AND FOR A FIFTH DEFENSE

95.     Plaintiff's claims should be dismissed to the extent they are barred in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A SIXTH DEFENSE

96.     This case may not be maintained as a collective action because Plaintiff is not similarly-situated to the other individuals he purports to represent.

## AS AND FOR A SEVENTH DEFENSE

97.     This case is not appropriate for collective action treatment or joinder because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported collective action members.

11

**AS AND FOR AN EIGHTH DEFENSE**

98.    Plaintiff's claims for damages are barred or limited by Defendant's good faith efforts to comply with the applicable law. See 29 U.S.C. § 260.

**AS AND FOR A NINTH DEFENSE**

99.    Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor. See 29 U.S.C. § 259.

**AS AND FOR A TENTH DEFENSE**

100.    Plaintiff was properly paid overtime in accordance with 29 U.S.C. § 207(k).

**AS AND FOR A ELEVENTH DEFENSE**

101.    Plaintiff's Complaint should be dismissed to the extent resolution of the FLSA claim is dependent on an interpretation of the parties' collective bargaining agreement.

**AS AND FOR A TWELFTH DEFENSE**

102.    To the extent any members of the putative classes have signed a release and/or are subject to waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

103.    In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendant respectfully requests that the Court:

1.      Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2.      Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3.      Award Defendant reasonable attorneys' fees and costs incurred in defending against this meritless action; and

4.      Grant such other further relief as the Court deems just and proper.

Dated: New York, New York
           August 25, 2025

Respectfully submitted,
JACKSON LEWIS P.C.
*Attorneys for Defendant*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By:     *s/Felice B. Ekelman*
Felice B. Ekelman
Adam Gross
Annabel R. Stanley

13